# Exhibit 1

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  David W. Reid, Bar No. 267382
   dreid@pacifictrialattorneys.com
4  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
5  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Plaintiff
8

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/07/2024 9:46 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF LOS ANGELES**

11

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOOTWEAR UNLIMITED, INC., a Delaware corporation d/b/a WWW.THEFRYECOMPANY.COM,<br><br>Defendant. | Case No. 24STCV25920<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT** |

CLASS ACTION COMPLAINT

## I. INTRODUCTION

1. Defendant markets shoes directly and indirectly to consumers like Plaintiff. As part of Defendant's marketing regime, Defendant has partnered with TikTok to install sophisticated software on its website landing page at vuoriclothing.com (the "Website"). This enables Defendant, TikTok, and others to learn the location, source, and identity of consumers who happen to land on their website.

2. Plaintiff visited Defendant's website several times, most recently in mid-2024. Without Plaintiff's or class members' knowledge or consent, Defendant deployed a de-anonymization process to identify Plaintiff using electronic impulses generated from Plaintiff's device, as further described herein. Defendant's installation of the TikTok tracing process violates California's Trap and Trace Law, codified at California Penal Code § 638.51.

## II. JURISDICTION AND VENUE

3. As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

4. Venue is proper in this County because some of the class members' claims arose in this county.

5. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

## III. PARTIES

6. Plaintiff is a resident and citizen of California.

7. Defendant is a corporation with its principal place of business in Missouri.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's Website and the Tik Tok Software Spies on Activists Like Plaintiff.

8. Defendant operates the Website. Defendant has installed on its Website software created by TikTok in order to identify website visitors (the "TikTok Software").

9. The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

10. The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code or "scripts" on the Website to send user details to TikTok.

11. The TikTok Software begins to collect information the moment a user lands on the Website before any pop-up or cookie banner advises users of the invasion or seeks their consent.

12. The TikTok Software also requests, validates, and transmits other identifying information, including a website visitor's phone numbers and email addresses.

13. By sharing plaintiff's and class members' personal and de-anonymized data with TikTok, Defendant effectively "doxed" them to America's most formidable geopolitical adversary. *See* https://www.cnn.com/2023/06/08/tech/tiktok-data-china/index.html, ***Analysis: There is now some public evidence that China viewed TikTok data*** (quoting sworn testimony from former employee But Yu that Chinese Communist Party officials "used a so-called 'god credential' to bypass any privacy protections to spy on civil rights activists' 'unique user data, locations, and communications.'") (last accessed October 2024).

14. Plaintiff is both (1) genuinely interested in the goods, services, and information available on Defendant's website, and (2) a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law. As the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes, and that Courts must not make any impermissible credibility or standing inferences against them. *Langer v. Kiser*, 57 F.4th

1085, 1095 (9th Cir. 2023). In other words, Plaintiff is exactly the type of person who the Chinese Communist Party has used TikTok to spy upon in the past.

15. An image of the invasive TikTok code can be seen here:



16. The website instantly sends communications to TikTok when a user views the page and track page interactions. In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior:



**B.     The TikTok Software is a Trap and Trace Device.**

17.    California Penal Code § 638.50(c). California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

18.    The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

19.    The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses.  In fact, it is designed solely to meet this objective.

20.    Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

21.    CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; see also, *Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023).

22.    Defendant did not obtain Plaintiff's or class members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

## V.     CLASS ALLEGATIONS

23.    Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All California citizens whose personal information was shared with TikTok or other third parties by Defendant without their effective and informed prior consent.**

24.    NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the tens of thousands.  The exact identities of Class Members may be ascertained by the records maintained by Defendant.

25. <u>COMMONALITY</u>: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

    a. Whether Defendant shared class members' personal information with TikTok or other third parties;

    b. Whether Defendant obtain effective and informed consent to do so;

    c. Whether Plaintiff and Class Members are entitled to statutory penalties; and

    d. Whether Class Members are entitled to injunctive relief.

26. <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose personal information was shared by Defendant, Plaintiff is asserting claims that are typical of the Class.

27. <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

28. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

### VI.   CAUSE OF ACTION

### CAUSE OF ACTION

**Violations of the California Trap and Trace Law**

**Cal. Penal Code § 638.51**

29. California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, *et. seq*.

30. CIPA was enacted to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties." CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

31. A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

32. California Penal Code §638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

33. Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

34. Defendant did not obtain consent from Plaintiff and class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

35. CIPA imposes civil liability and statutory penalties for violations of §638.51.

36. Therefore, Plaintiff and class members are entitled to the relief set forth below.

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the class and making all appropriate class management orders;

2. Statutory damages pursuant to CIPA;

3. Reasonable attorneys' fees and costs; and

4. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: October 4, 2024

PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff