UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 24-9959-JFW(Ex)** | Date: November 27, 2024 |
| Title: | Silvia Garcia -v- Footwear Unlimited, Inc. | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

      On October 7, 2024, Plaintiff Silvia Garcia ("Plaintiff") filed a Complaint against Defendant Footwear Unlimited, Inc. ("Defendant") in Los Angeles County Superior Court ("LASC"). On November 18, 2024, Defendant filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a); *see also Academy of Country Music v. Continental Cas. Co.,* 991 F.3d 1059, 1068 (9th Cir. 2021). In this case, Defendant has failed to demonstrate that the amount in controversy exceeds $75,000. Instead, Defendant simply alleges in conclusory fashion that because "Plaintiff alleges that Defendant's actions have caused significant harm," the amount in controversy

"reasonably exceed[s] the $75,000 threshold." Notice of Removal, ¶ 12(a). Indeed, the only support for its conclusion offered by Defendant is another conclusion. Specifically, Defendant alleges that "Plaintiff's Complaint significantly exceeds the jurisdictional minimum" because Plaintiff is entitled to statutory damages of $5,000 per violation and three times the amount of actual damages under the California Invasion of Privacy Act ("CIPA"), and Plaintiff has alleged "multiple violations" of CIPA. Notice of Removal, ¶ 12(b). However, Defendant has failed to demonstrate, among other things, how many violations constitutes "multiple violations," what Plaintiff's "actual damages" may be or how those damages are calculated, or the basis for Defendant's various assumptions and conclusions. As a result, the Court concludes that Defendants has failed to demonstrate that the amount in controversy requirement is satisfied.

      Accordingly, Defendant is hereby ordered to show cause, in writing, no later than December 4, 2024, why this Court should not remand this action for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the remand of this action.

      IT IS SO ORDERED.